**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4376**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

REBECCA POWELL,

              Defendant – Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg.  Irene M. Keeley,
District Judge.  (1:06-cr-00073-IMK-1)

Submitted:  October 30, 2009        Decided:  November 17, 2009

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West
Virginia, for Appellant.   Sharon L. Potter, United States
Attorney, Shawn Angus Morgan, Assistant United States Attorney,
Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rebecca Powell appeals the district court's order revoking her supervised release and sentencing her to twenty-four months in prison. Powell argues that her sentence is plainly unreasonable because it does not further the purposes of supervised release. We affirm.

This court will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). We first assess the sentence for reasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39; see United States v. Finley, 531 F.3d 288, 294 (4th Cir. 2008) ("In applying the 'plainly unreasonable' standard, we first determine, using the instructions given in Gall [v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007)], whether a sentence is 'unreasonable.'").

Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is plainly unreasonable." Crudup, 461 F.3d at 439 (emphasis omitted); see Finley, 531 F.3d at 294. Although the district

2

court must consider the Chapter 7 policy statements and the requirements of 18 U.S.C.A. §§ 3553(a), 3583 (West 2000 & Supp. 2009), "the [district] court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum."  Crudup, 461 F.3d at 439 (internal quotation marks and citations omitted).

Powell argues that the district court's sentence is plainly unreasonable because the district court allegedly failed to consider the Chapter 7 Policy Statements and insufficiently analyzed the § 3553(a) factors.  Powell also claims that her sentence fails to address the underlying cause of her violations, fails to adequately further the goals of supervised release, and imposes a sentence greatly out of proportion to the violations found by the district court.  "In determining the reasonableness of a sentence, we 'give due deference to the district court's decision.'"  Finley, 531 F.3d at 297 (quoting Gall, 128 S. Ct. at 597).  Our review of the record leaves no doubt that the district court carefully evaluated Powell's failure to meaningfully cooperate with her probation officer during her period of supervised release and reached the reasonable conclusion that additional counseling and treatment of Powell's drug habit in a non-custodial setting were not likely to prove successful.  We accordingly conclude that the sentence imposed by the district court is not plainly

3

unreasonable and we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED